UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RALPH MALBROUGH                                  CIVIL ACTION

VERSUS                                           NO: 14-2321

SCOTT BOSWELL ENTERPRISES, ET AL.                SECTION: R(1)

## ORDER AND REASONS

Plaintiff Ralph Malbrough moves the Court to lift the automatic stay in this matter under 11 U.S.C. § 362.[1] For the following reasons, the Court grants the motion.

## I.   BACKGROUND

On October 9, 2014, plaintiff Ralph Malbrough filed this employment suit, alleging that his employers--defendants Stanley of New Orleans, LLC; The Paint Factory, LLC; Stella, LLC; and Professional Management Services Group d/b/a SCI Companies--violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*[2] On October 30, 2014, Stanley and The Paint Factory notified the Court they are debtors in Chapter 11 Bankruptcy proceedings.[3] On November 7, 2014, the Court ordered the matter administratively stayed as to Stanley and The Paint Factory.[4]

Defendant Scott Boswell Enterprises, LLC is also a debtor in ongoing bankruptcy proceedings.[5] According to Malbrough's amended complaint, Scott Boswell Enterprises

---

[1]   R. Doc. 11.

[2]   R. Doc. 1.

[3]   R. Doc. 3; *see also* Bankruptcy Case Nos. 14-11510, 14-11506, 14-11508 (E.D. La.).

[4]   R. Doc. 4.

[5]   *See* R. Doc. 11-1.

was also Malbrough's employer under the Americans with Disabilities Act. Malbrough did not name Scott Boswell Enterprises as a defendant in his original complaint.[6]

On March 9, 2015, Malbrough moved the bankruptcy court to lift the pending automatic stay as to Scott Boswell Enterprises, Stanley, and The Paint Factory.[7] Finding good cause to lift the stay, the bankruptcy court granted Malbrough's motions on April 21, 2015, and modified the stay to allow Malbrough to liquidate his federal employment claims against Scott Boswell Enterprises, Stanley, and The Paint Factory.[8] The bankruptcy court ordered that any judgment rendered against any of these debtors shall be enforced only through the claims process in the debtor's bankruptcy proceeding.[9]

On June 24, 2015, Malbrough filed an amended complaint, adding Scott Boswell Enterprises as a defendant in his Americans with Disabilities lawsuit.[10] Malbrough now moves the Court to lift the pending stay of this action.[11] Defendants do not oppose the motion.

## II.   DISCUSSION

Section 362 of Title 11 of the Unites States Code provides that a petition for bankruptcy operates as a stay of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or

---

[6]   *See id.*

[7]   *See* R. Doc. 11-2; R. Doc. 11-3; R. Doc. 11-4.

[8]   *See* R. Doc. 11-2; R. Doc. 11-3; R. Doc. 11-4.

[9]   *See* R. Doc. 11-2; R. Doc. 11-3; R. Doc. 11-4.

[10]  *See* R. Doc. 8.

[11]  R. Doc. 11.

proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy case.]" 11 U.S.C. § 362(a)(1). Upon filing of the bankruptcy petition, the section 362 stay automatically applies to all actions against the debtor. The automatic stay remains in force until a federal court either disposes of the case, *see* U.S.C. § 362(c)(2), or lifts the stay, *see* § 362(d)-(f).

The bankruptcy court in Scott Boswell Enterprises's, Stanley's, and The Paint Factory's Chapter 11 proceedings found good cause to modify the automatic stay under 11 U.S.C. § 362. The Court lifted the stay as to those debtors to allow Malbrough to liquidate his federal employment claims.[12] Defendants neither oppose Malbrough's motion nor argue that the bankruptcy court abused its discretion by lifting the automatic stay. Accordingly, this Court will lift the stay as well. *See, e.g.*, *In re Butan Valley, N.V.*, No. 07-36856, 2009 WL 6509349, at *3-4 (S.D. Tex. Sept. 11, 2009) (affirming bankruptcy court's decision to lift an automatic stay because appellant failed to show that bankruptcy court abused its discretion). Therefore, the Court grants Malbrough's motion.

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Ralph Malbrough's Motion to Lift Stay.

New Orleans, Louisiana, this __2nd__ day of September, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[12]   *See* R. Doc. 11-2; R. Doc. 11-3; R. Doc. 11-4.

3